UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | | |
|---|---|---|
| TERESA FARLEY, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION FILE NO. |
| | ) | 2:21-cv-00059-RWS |
| v. | ) | |
| | ) | |
| GILMER COUNTY SCHOOLS, | ) | JURY TRIAL |
| | ) | DEMANDED |
| Defendants. | ) | |

## COMPLAINT

Plaintiff Teresa Farley ("Plaintiff" or "Farley") hereby files this complaint against Gilmer County Schools, d/b/a Gilmer County Charter Schools, ("Defendant"), pursuant to the anti-retaliation provisions of the False Claims Act, 31 U.S.C. § 3729, *et seq.* ("FCA")[1] and the Georgia Whistleblower Protection Act, O.C.G.A. § 45-1-4 ("GWPA"). Plaintiff claims that Defendant terminated her employment in retaliation for reporting false claims for payment that the Defendants made to the governments of the United States and State of Georgia, and for refusing to participate in the fraudulent schemes involving federal and state funds perpetrated by Defendants.

---

[1] Plaintiff only brings an action under the anti-retaliation provisions of the FCA and does not pursue this matter as a *qui tam* action.

1

## JURISDICTION AND VENUE

**1.**

This Court has subject matter jurisdiction over Plaintiff's FCA claims pursuant to 31 U.S.C. § 3732(a) and supplemental jurisdiction over her state law claims pursuant to 28 U.S.C. § 1267.

**2.**

This Court has personal jurisdiction over Defendant.

**3.**

Venue is proper in this district under 28 U.S.C. §§ 1391 (b) and 1391 (c), and under O.C.G.A. § 49-4-168.6.  Defendant resides in this district, and all of the acts giving rise to Plaintiff's claims occurred in the district.

**4.**

Plaintiff is entitled to and demands a trial by jury.

## PARTIES

**5.**

Plaintiff is a resident of Georgia and a United States citizen.  She was employed by Defendant GCS in a number of school nutrition roles beginning in 2013 and was School Nutrition Manager at Ellijay Primary School ("EPS", now Clear Creek Elementary) at the time she was terminated.

**6.**

Defendant is a local charter school district established under the Constitution

of the State of Georgia and pursuant to O.C.G.A. § 20-2-2060, *et seq*.  Defendant

GCS is funded by the State of Georgia and United States Government with monies

administered by the Georgia Department of Education ("GDOE") and United States

Department of Education ("USDOE"), respectively.

### 7.

Defendant resides at 134 Industrial Blvd. Gilmer, GA 30540.  Defendant may

be served through its chief executive officer, Superintendent Shanna Downs.

### GOVERNING REGULATIONS AND BACKGROUND

### 8.

The majority of the funding for School Nutrition Programs ("SNPs") in the

State of Georgia is provided by the United States Government.

### 9.

The United States Government tasks the United States Department of

Agriculture ("USDA") with the administration of the funds that it allocates for SNPs.

The USDA accomplishes this through a variety of programs, including the School

Breakfast Program ("SBP"), established in 43 U.S.C. § 1773, and the National

School Lunch Program ("NSLP"), established in 42 U.S.C. § 1751, both of which

subsidize SNPs by reimbursing states for expenses incurred in the provision of

school meals.

### 10.

As a condition of receipt of these funds, schools, through a series of legally

binding agreements, certify their compliance with rules and regulations promulgated by the GDOE and USDA regarding the use of these funds and administration of school nutrition programs.

**11.**

Among the requirements for both the NSLP and the SBA are that schools accurately report the number of meals provided and maintain accurate records of the same. *See* 7 C.F.R. § 220.7 (e) (reporting and recordkeeping requirements for the SBA); 7 C.F.R. § 210.15 (reporting and recordkeeping requirements for NSLP).

**12.**

At all times relevant to this complaint, Defendant was a participant in both the SBA and NLSP programs.

**13.**

All of the conduct alleged in this Complaint is alleged to have occurred "knowingly" or with reckless disregard, as those terms are defined in the False Claims Act, 31 U.S.C. § 3729 and related case law.

**14.**

In doing the acts and things described in this complaint, managerial employees of the Defendant acted within the course and scope of their respective agencies and/or employment with the Defendant, and each of them, with the knowledge and consent of the Defendant, and each of them.

## STATEMENT OF FACTS

### Plaintiff's Employment with Gilmer County Schools

**15.**

Plaintiff first worked for Defendant part-time as a school nutrition substitute at Gilmer Middle School, EPS, and Mountain View Elementary schools in 2013. She was promoted to assistant school nutrition manager at EPS in 2015, and then to School Nutrition Manager at EPS in 2017.

**16.**

Plaintiff's job duties included, among other things, overseeing all aspects of food service through EPS's School Nutrition Program, managing EPS's kitchen staff, and ensuring compliance with applicable rules pertaining to food service.

### Plaintiff First Notices Teachers Obtaining Free Meals

**17.**

At the beginning of the 2018-2019 school year, Plaintiff noticed that teachers were taking meals off the breakfast line without charging their accounts as they are required to do. This behavior had the effect of falsely indicating that students had taken the meals when they had not, causing the school to submit inflated claims for reimbursement for the meals it provided.

**18.**

Plaintiff complained about this practice to EPS's principal, Stephanie Burnette ("Burnette"). Burnette, however, defended the practice, stating that "other

schools do it all of the time."  Plaintiff then responded that she would get clarification

from Defendant's School Nutrition director, Linda Waters ("Waters").   Burnette,

however, then instructed her not to do so.

**19.**

Plaintiff emailed Waters nonetheless, who confirmed that only students were

supposed to receive free meals through the breakfast program.  Plaintiff reported this

information to Burnette.

**20.**

In March 2020, Plaintiff took notice that students were coming through the

breakfast serving line asking for meals for their teachers. Plaintiff subsequently

discovered that it had become common practice for teachers to tell students to get

food from the cafeteria for them so that they would not have to pay for it.   In

response, Plaintiff instructed her staff to charge each teacher's account when this

occurred.

**21.**

Plaintiff then asked a student the name of the teacher for whom she was

getting food, and then charged that teacher's account for the item.

<u>Defendant's Response to Plaintiff's Attempt to Rectify Teachers Unlawfully
Obtaining Free Meals</u>

**22.**

Shortly after, Plaintiff was called into a meeting with Burnette, EPS Assistant

Principal Jessica Chastain ("Chastain"), and former EPS Secretary Rhonda Brooks ("Brooks").

**23.**

At this meeting, Burnette expressed her desire that the *de facto* system wherein teachers got free meals stay in place.  She chastised Plaintiff for charging the teacher's account for her meal.  Burnette stated that all the other schools in the county were doing it and that EPS should as well.  She also said that as long as the number of tallies on the sheet indicating how many students had taken a meal was within a normal range, it didn't matter if teachers got free meals.

**24.**

Burnette and Chastain then said that from then on, they would simply instruct teachers to tell students to get meals for them without indicating that they were not for themselves. The two then instructed to allow students to get as many meals as they pleased and not to question them.

**25.**

The following day, Plaintiff was called into another meeting, this time with Burnette, Chastain, and Linda Waters.  Plaintiff reiterated the fact that she would not be coerced into committing fraud.  Waters then told her to allow students as many meals as they requested and also to begin using USDA-subsidized food on the teachers' salad bar, even though this food was only supposed to be served to students, per USDA regulations.

Plaintiff Complains to the USDA

**26.**

In response to these incidents, Plaintiff filed a complaint with the USDA on March 7, 2020.  In it, she detailed her concern about the above incidents and described the fraudulent behavior.

**27.**

On July 20, 2020, Burnette contacted Plaintiff and asked her to drive to the school for another meeting.  There, Waters asked her directly, "Did you or your husband file a complaint with the USDA?"  Out of fear of losing her job, Plaintiff replied that she had not.  Waters retorted, "You had to have done it. It could only have come from the kitchen."  Burnette seconded this assertion.  Waters then stated, "You are at at-will employee. I could easily fire you if I wanted to."

**28.**

Upon her return to work at the beginning of the 2020 school year, nothing had changed with regard to the fraudulent practices described above.

**29.**

On November 13, 2020, investigators from the GDOE arrived unannounced to investigate Plaintiff's March 7 complaint with the USDA.  They interviewed Plaintiff, as well as SN coordinator, Daphne Hice, before leaving.

Defendant Terminates Plaintiff in Retaliation for Her Complaint

**30.**

Just three days later, Plaintiff was called into a meeting with Burnette, Waters, and Chastain where she was given a letter of termination from Defendant's superintendent, Shanna Downs. The letter did not provide Plaintiff with a reason for termination. She was told only that an administrative decision has been rendered relieving Plaintiff of her employment, effective immediately.  Three days later, Plaintiff received a Separation Notice in the mail stating reason for Plaintiff's termination was "failure to comply with federal regulations."  This notice was signed by Kim Cagle, GCS's Assistant Superintendent.  No other individuals were terminated from employment, including those responsible for the fraudulent activity.

**31.**

Plaintiff has been unable to secure employment since and is unlikely to find comparable employment in the area of school nutrition due to the fabricated, pretextual reason Defendant supplied for her termination.

**COUNT I**
**RETALITORY DISCHARGE IN VIOLATION**
**OF THE FALSE CLAIMS ACT**

**32.**

Plaintiff incorporates by reference paragraphs 1-31 as if fully set forth herein.

**33.**

Defendant is properly considered an employer under the FCA.

**34.**

Defendant engaged in activity prohibited by the FCA under 31 U.S.C § 3729 (a) (1).

**35.**

Defendant knowingly caused to be made false claims for payment to the United States Government in violation of 31 U.S.C. § 3729 (a) (1).

**36.**

By knowingly encouraging Plaintiff to disregard federal law as alleged herein, Defendant, by and through its managerial employees, conspired to cause to be presented to the United States Government false claims for payment. *See* 31 U.S.C. § 3729 (a) (1) (A)- (C).

**37.**

Defendant, by and through its managerial employees, terminated Plaintiff for her refusal to participate in its scheme to defraud the United States Government in violation of 31 U.S.C. § 3730 (h) (1).

**38.**

Defendant also engaged in prohibited retaliatory action when it discharged Plaintiff for having complained of the fraudulent actions that it conspired to commit to the United States Government. *See* 31 U.S.C. § 3730 (h) (1).

**39.**

Having been subject to unlawful retaliation as described above, Plaintiff is entitled to all necessary relief to make her whole, including reasonable attorney's fees and costs.  *See* 31 U.S.C. § 3730 (h) (2).

**COUNT II**
**RETALITORY DISCHARGE IN VIOLATION OF THE GEORGIA WHISTLEBLOWER PROTECTION ACT**

**40.**

Plaintiff incorporates by reference paragraphs 1-31 as if fully set forth herein.

**41.**

Defendant is a public employer as defined by the Georgia Whistleblower Protection Act ("GWPA").  *See* O.C.G.A. § 45-1-4.

**42.**

The GWPA prohibits a public employee from retaliating against an employee for "disclosing a violation of or noncompliance with a law, rule, or regulation to either a supervisor or a government agency, unless the disclosure was made with knowledge that the disclosure was false or with reckless disregard for its truth or falsity."  *See* O.C.G.A. § 45-1-4 (d) (2).

**43.**

Defendant violated the GWPA by terminating Plaintiff's employment after it discovered that she had reported to the USDA repeated and various violations of both federal and state law by Defendant, by and through its managerial employees.

**44.**

The Georgia Whistleblower Act further prohibits public employers from retaliating against an employee for "for objecting to, or refusing to participate in, any activity, policy, or practice of the public employer that the public employee has reasonable cause to believe is in violation of or noncompliance with a law, rule, or regulation." O.C.G.A. § 45-1-4 (d) (3).

**45.**

Plaintiff reasonably believed, and was correct in believing, that the activities and practices that Defendant, by and through its managerial employees, encouraged her to participate in, were in violation of the law.

**46.**

Defendant thus further violated the GWPA by terminating Plaintiff for her objection to and refusal to participate in Defendant's policies and practices of defrauding the United States Government in violation of the FCA as alleged in paragraph 35.

**47.**

The GWPA authorizes an employee who has been the object of retaliation in violation of said statute to initiate civil action and recoup damages, including compensatory damages and payment for reasonable attorney's fees and costs. O.C.G.A. § 45-1-4 (e)- (f).

**PRAYER FOR RELIEF**

**WHEREFORE** Plaintiff respectfully requests judgment in its favor on each count in this Complaint and demands:

(a)    Defendants each be assessed a civil penalty for each act committed in violation of the False Claims Act;

(b)    That judgment be awarded for and in favor of Plaintiff Teresa Farley, and against Defendant Gilmer County Schools, on Count I for all relief allowable under the False Claims Act, 31 U.S.C. § 3721, *et seq.*;

(c)    That judgment be awarded for and in favor of Plaintiff Teresa Farley, and against Defendant Gilmer County Schools, on Count II for all relief allowable under the Georgia Whistleblower Act, O.C.G.A. § 45-1-4;

(d)    Any and all other relief as the Court deems just and proper.

This 22nd day of March 2021.

/s/ James M. McCabe
James M. McCabe
Georgia Bar No. 724618
The McCabe Law Firm, LLC
3355 Lenox Road
Suite 750
Atlanta, GA  30326
Office: (404) 250-3233
Fax: (404) 400-1724
jim@mccabe-lawfirm.com

Attorney for Plaintiff